2008 WY 94

**Steven R. BURNETT, Appellant (Plaintiff),**

v.

**Roseanne L. STEELEY, f/k/a Roseanne L. Burnett, Appellee (Defendant).**

**Nos. S–07–0225, S–08–0051.**

Supreme Court of Wyoming.

Aug. 14, 2008.

Representing Appellant: Jared S. Creceli-us of Bailey, Stock & Harmon P.C., Chey-enne, Wyoming.

Representing Appellee: William L. Hiser of Brown & Hiser LLC, Laramie, Wyoming.

Before GOLDEN, HILL, KITE, and BURKE, JJ., and PERRY, D.J.

KITE, Justice.

[¶ 1] Following divorce proceedings, the district court entered a judgment requiring the husband, Steven R. Burnett, to pay the wife, Roseanne L. Steeley, the amount of "$417,609 in cash or property by April 1, 2006" to equalize the marital property divi-sion. Mr. Burnett did not pay or make any effort to pay the judgment by April 1, 2006. Nearly a year and a half later, the district court entered another order requiring Mr. Burnett to pay the amount owed to Ms. Steeley in cash. Subsequently, the district court entered an order awarding Ms. Steeley attorney's fees of $42,501.00 and costs of $2,823.86.

[¶ 2] In his first appeal, Mr. Burnett claims the district court improperly modified the original judgment by requiring payment in cash when the requirements of the applica-ble rules authorizing modification of a judg-ment were not met. He also claims the district court improperly ordered him to pay interest on the judgment after Ms. Steeley rejected his offer to convey property by war-ranty deed. In a subsequent appeal, Mr. Burnett claims the district court erred in awarding Ms. Steeley attorney's fees. We consolidated the appeals and affirm.

## ISSUES

[¶ 3] The parties each present their own statement of the issues for this Court's re-view. We re-phrase the determinative issues as follows:

1. Whether the district court properly or-dered Mr. Burnett to pay the unsatis-fied amount of the judgment in cash 18 months after the April 1, 2006, dead-line for payment of the judgment in full had passed.

2. Whether the district court properly or-dered Mr. Burnett to pay interest on the judgment from April 1, 2006, until the judgment is paid in full.

3. Whether the district court properly awarded Ms. Steeley attorney's fees.

## FACTS

[¶ 4] The parties were married on June 28, 1971. They separated on June 15, 2003, after nearly 32 years of marriage. They were divorced by decree entered on October 3, 2005.

[¶ 5] During their marriage, Ms. Steeley worked at a bank in Wheatland, Wyoming, and ultimately became bank manager. Mr. Burnett worked at various jobs in Wheatland until approximately 1985 when he quit his job and began working full time on the Burnett family ranch, which his family had owned for four generations. In 1986, Mr. Burnett en-tered into the Burnett Ranches Partnership with his mother and brother.

[¶ 6] At the time the district court en-tered the divorce decree, issues remained concerning the division of the marital assets and debts the parties incurred during the marriage. The most significant issue in-volved the ranch land owned by the partner-ship. Following a hearing to determine how the marital property should be divided be-tween the parties, the district court issued a decision letter finding in pertinent part that: Mr. Burnett owned 53% of the Burnett

Ranches Partnership; his ability to leave his job in the mid–1980s and work on the family ranch thereafter was due to Ms. Steeley's employment at the bank; all of Ms. Steeley's income from the bank was spent to support the family; the ranch appreciated in value between 1986 (the approximate date Mr. Burnett began working full-time at the ranch) and June of 2003 (when the parties separated); the appreciation was due in part to Ms. Steeley's efforts; and, Mr. Burnett's partnership interest was a marital asset.

[¶ 7] The district court held that Ms. Steeley was entitled to an approximately equal share of the marital estate. Based upon the parties' evidence, the district court concluded the total value of the marital estate, including Mr. Burnett's partnership interest and the parties' non-ranch assets, was $1,408,705. Dividing that figure in half, the district court concluded each party's share in the marital estate was $704,353. The district court subtracted the value of Ms. Steeley's non-ranch assets, which she had already received, to arrive at a figure of $417,609 owing to Ms. Steeley. The district court ordered the partnership assets belonging to Mr. Burnett be set over to him as his sole and separate property and ordered him to pay the sum of $417,609 in cash or property to Ms. Steeley by April 1, 2006. The district court entered an order and judgment consistent with its decision letter on February 23, 2006 (the February 2006 judgment).

[¶ 8] Mr. Burnett did not pay any of the judgment by April 1, 2006. After that date, he filed notices of deposit of quitclaim deeds to convey ranch property to Ms. Steeley in satisfaction of the order and judgment. It appears to be undisputed that Mr. Burnett did not have clear title to the property at the time he deposited the deeds.[1]

[¶ 9] On June 20, 2006, pursuant to Wyo. Stat. Ann. § 17–21–504 (LexisNexis 2007), Ms. Steeley filed an application for charging order and appointment of receiver in which she alleged that Mr. Burnett had not paid the February 2006 judgment. She sought an order charging Mr. Burnett's share of any partnership distributions due or to become due in satisfaction of the judgment and appointing a receiver to take possession of those distributions to facilitate payment to her. She also requested an order requiring Mr. Burnett to pay the amount owed plus interest at the statutory rate of ten percent. The district court convened a hearing on the application and, on September 12, 2006, entered a charging order and an order appointing a receiver.

[¶ 10] In its order, the district court found that Mr. Burnett had not satisfied the February 2006 judgment; the judgment amount was subject to statutory interest at the rate of ten percent per annum from the date entered until paid; the quitclaim deeds Mr. Burnett filed were not effective to satisfy the judgment; and, if Mr. Burnett chose to satisfy the February 2006 judgment by transferring property to Ms. Steeley, he had the burden of establishing the value of the property and that he had clear title to the property and paying the cost of transferring the property by warranty deed. The district court also found that Mr. Burnett had actual control over the Burnett Ranches Partnership, its assets and activities; Ms. Steeley was entitled to a charging order against Mr. Burnett's transferable partnership interest; and Ms. Steeley was entitled to the appointment of a receiver to facilitate payment of Mr. Burnett's transferable interest to her. In addition, the district court ordered Mr. Burnett to pay the receiver's costs, refrain from transferring any interest in his property or property of the Burnett Ranches Partnership without court approval until he had satisfied the February 2006 judgment and provide to the receiver all partnership documents reflecting his partnership interest, draws and distributions.

[¶ 11] The day after the district court entered its order, Mr. Burnett filed a motion to compel satisfaction of judgment. By memorandum attached to the motion, he asserted that he had made good faith efforts to satisfy the February 2006 judgment by, first, depositing the quitclaim deeds and, subse-

---

1. Mr. Burnett's attorney acknowledged the title problems at the July 31, 2007, hearing when, in questioning Ms. Steeley, he stated: "There were problems with the title" and asked her about discussions she had with Mr. Burnett concerning what could be done to clear the title.

quently, delivering a warranty deed to Ms. Steeley's attorney. He claimed that he had clear title to the property he had attempted to transfer and its value was more than sufficient to satisfy the judgment. He asked the district court to order Ms. Steeley to accept the property in payment of the judgment and file a release of claim.

[¶ 12] The district court scheduled a hearing for September 29, 2006. After the hearing, the district court issued an order requiring the parties to select an appraiser within 20 days to appraise the Burnett Ranches Partnership property. The order provided that upon completion of the appraisal, the cost of which the parties were to share equally, the district court would order Mr. Burnett to transfer property to Ms. Steeley along with sufficient cash to satisfy the February 2006 judgment. The district court stayed the enforcement proceedings in the meantime.

[¶ 13] Ms. Steeley filed a written objection to the district court's order. The thrust of her objection was that if the district court ordered a new appraisal of the partnership real property it also needed to reconsider the amount of the original February 2006 judgment. She argued that, if the new appraisal indicated the property value had appreciated since the judgment and the court did not reconsider the judgment amount, she would not receive the approximately equal share of the marital estate the district court held she was entitled to receive. Ms. Steeley also objected to the district court's order requiring her to pay one-half of the appraisal costs, presumably because she had already paid for an appraisal in preparation for the property division hearing and because the district court had previously ordered that Mr. Burnett would bear the costs if he chose to satisfy the judgment by transferring property.

[¶ 14] After Ms. Steeley's October 2006 objection to the district court's order, nothing further appears in the record until June 4, 2007, when Mr. Burnett filed a request for a hearing on a motion to compel satisfaction of judgment. The district court scheduled a hearing for July 31, 2007. Prior to the hearing, Ms. Steeley filed a motion to lift the stay on execution and allow enforcement of the February 2006 judgment. Based upon statements Mr. Burnett previously made indicating that the partnership had dissolved, Ms. Steeley alleged that he was now the sole owner of the property formerly owned by the partnership. She further informed the court that after the November 2006 order, she and Mr. Burnett had agreed to the sale of two properties and application of the proceeds, $66,232.03 and $59,414.09, to the February 2006 judgment, leaving a balance of $348,962.37. She asked the district court to allow her to proceed to collect the outstanding amount. By separate motion, Ms. Steeley also requested an award of attorney's fees incurred in enforcing the February 2006 judgment.

[¶ 15] Following the July 31, 2007, hearing, the district court entered an order finding in pertinent part that: Mr. Burnett still owed Ms. Steeley $348,962.37 on the February 2006 judgment; since the February 2006 judgment, the property value had appreciated to Mr. Burnett's benefit; it would be inequitable to allow Mr. Burnett to reap the benefit of the appreciation which Ms. Steeley would have received if the property had been deeded to her by April 1, 2006, as the judgment required; Mr. Burnett was doing "extraordinarily well financially" as reflected by his attempts to negotiate a $3,000,000 loan to expand his business interests; therefore, Mr. Burnett had the financial ability to pay and should pay Ms. Steeley in cash the outstanding amount plus statutory interest at the rate of ten percent. The district court granted Ms. Steeley's motion to lift the stay and allow her to enforce the judgment. By subsequent order, the district court awarded Ms. Steeley $42,501.00 in attorney's fees and $2,823.86 in costs. Mr. Burnett appealed from the order lifting the stay and allowing enforcement of the judgment and from the order awarding attorney's fees.

## STANDARD OF REVIEW

[¶ 16] The orders appealed from in this matter decided post-judgment motions filed by a judgment creditor and a judgment debtor. Post-judgment enforcement and execution proceedings are addressed to the

sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Woods v. Wells Fargo Bank Wyoming*, 2004 WY 61, ¶ 19, 90 P.3d 724, 731 (Wyo.2004).

## DISCUSSION

### 1. The District Court Had the Authority to Order Mr. Burnett in August 2007 to Pay the February 2006 Judgment in Cash.

[¶ 17] Mr. Burnett claims that Ms. Steeley's motion to lift the stay of execution, filed 18 months after the February 2006 judgment, was in effect a motion to alter or amend the judgment. He asserts that the district court was constrained by W.R.C.P. 59(e) and 60(b) from ordering him in August of 2007 to pay Ms. Steeley in cash when the February 2006 judgment allowed him to pay her in cash or property. He argues that the district court could alter the judgment pursuant to Rule 59(e) only upon a party's motion filed no later than ten days after its entry. Here, no party filed a motion within ten days of the February 2006 judgment; therefore, he asserts, Rule 59(e) provides no authority for the district court to order him 18 months later to pay Ms. Steeley in cash.

[¶ 18] Mr. Burnett also argues the district court could, upon a party's motion within a reasonable time, order relief from the February 2006 judgment pursuant to Rule 60(b) upon a showing of one of the factors enumerated in the rule.[2] Because no motion was filed and no showing was made of any of the factors identified in Rule 60(b), Mr. Burnett argues the district court exceeded its authority in altering the February 2006 judgment in August 2007 to require him to pay Ms. Steeley in cash. Mr. Burnett also reiterates the arguments he presented in the district court to the effect that he attempted in good faith to pay the judgment by transferring property; Ms. Steeley rejected his

efforts; he had clear title to the property and its value exceeded the judgment amount; and the appropriate resolution of the dispute was to order Ms. Steeley to accept the transfer of property.

[¶ 19] Ms. Steeley responds that W.R.C.P. 59(e) and 60(b) are not applicable to the proceedings giving rise to this appeal. She asserts that when Mr. Burnett did not satisfy the February 2006 judgment by the date required, she was entitled to pursue enforcement proceedings and the district court had the discretion to enforce the judgment in the manner it did. Given Mr. Burnett's failure to pay the judgment as ordered and his efforts to delay payment and thwart the district court's ruling that she receive an equal share of the marital property, Ms. Steeley contends that he cannot be heard to complain now about the manner in which the district court enforced the judgment.

[¶ 20] We agree that the issue before us does not concern a modification of a property division, but rather an enforcement proceeding brought after the judgment dividing the property became final and remained unsatisfied. The record in this case clearly reflects that the district court entered judgment requiring Mr. Burnett to pay $417,609 in cash or property by April 1, 2006. Mr. Burnett did not pay the judgment in cash or property by the date the court ordered, nor did he appeal the judgment. Consequently, the judgment became final and enforcement proceedings were the next appropriate step.

[¶ 21] On June 20, 2006, Ms. Steeley sought to enforce the judgment. Among the enforcement avenues available to her, she elected to proceed under § 17–21–504, which allows a judgment creditor to reach a judgment debtor's share of partnership distributions in satisfaction of the judgment. In accordance with that provision, she asked the district court to issue an order charging Mr. Burnett's share of any partnership distributions due or to become due and appointing a

---

**2.** W.R.C.P. 60(b) allows relief from a judgment upon a showing of one of the following: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

receiver to take possession of them. The district court granted her request and entered an order to that effect.

[¶ 22] When the judgment still remained unsatisfied by July of 2007, Ms. Steeley again sought enforcement. She filed a motion to lift the stay and for an order allowing her to proceed under Wyo. Stat. Ann., Title 1, Chapter 17, (LexisNexis 2007) to execute on the judgment, meaning the property would be sold at auction and the proceeds would be used to pay the outstanding judgment amount. The district court convened another hearing during which Mr. Burnett testified that:

— he had conducted partnership business as usual, including the sale of partnership property without court approval, in direct contravention of the court's order to refrain from doing so until he satisfied the February 2006 judgment;

— with the exception of the two parcels he sold in partial satisfaction of the judgment, none of the proceeds from the unauthorized sales of partnership property was used to satisfy the judgment;

— not all of the partnership property was included in the court ordered appraisal;

— he was, at the time of the hearing, in the process of borrowing $3,000,000.00, which he planned to use to further his business interests.

[¶ 23] In addition to Mr. Burnett's testimony, the district court also heard Ms. Steeley's testimony that she was unable to work due to high levels of anxiety resulting from emotional and physical abuse she suffered during the last six years of her marriage. As a consequence, she used her retirement funds (incurring a penalty and income tax) and obtained a home equity loan to pay her living expenses, and borrowed money on a credit card to pay her attorney's fees. Ms. Steeley also testified that she did not accept the property Mr. Burnett offered in satisfaction of the judgment because she could not afford the cost of the appraisal required to sell the property and because the proposed transfer involved land subject to covenants that required the owner to fence out Mr. Burnett's cattle, which graze on the adjoining property where he holds the grazing right in perpetuity. She testified that she could not afford the fencing costs, did not live in Wyoming to maintain the fences and could not afford the cost of marketing and selling the property from out of state. Ms. Steeley also testified that Mr. Burnett's last offer to transfer property to her required her to first pay him $43,000, money which she did not have. She further testified that Mr. Burnett did not own the property he attempted to convey to her earlier by quitclaim deed; rather, the Burnett Ranches Partnership owned the property and it was subject to a $600,000 lien and a joint venture agreement.

[¶ 24] This Court has said:

Courts have inherent power to enforce their own judgments and should see to it that such judgments are enforced when they are called upon to do so. To deprive a court of power to execute its judgments is to impair its jurisdiction, and the general rule is that every court having jurisdiction to render a particular judgment has inherent power and authority to enforce it and to exercise equitable control over such enforcement. Thus, a court of equity has inherent power to enforce its decrees. A court of equity retains and possesses the power to control the manner of the execution of its decree, and has the inherent right to modify, by a subsequent order, the manner in which it shall be enforced.

*Hurd v. Nelson*, 714 P.2d 767, 771 (Wyo. 1986). Applying these principles in *Ahearn v. Ahearn*, 993 P.2d 942, 947 (Wyo.1999), this Court held that a district court had the authority to order father to refund money to his children's bank accounts after withdrawing the funds without mother's consent in violation of the court's order. Citing *Hurd*, 714 P.2d at 771, the Court held that when father violated its order, the district court was well within its powers in ordering him to refund the money. Although *Hurd* and *Ahearn* involve substantially different facts than those presented in this case, the principles relied upon in those cases are equally applicable here.

[¶ 25] The judgment in this case was to be paid by April 1, 2006. It was not paid and

Mr. Burnett's initial offer to transfer property in satisfaction of the judgment involved parcels of property to which he did not have clear title. Mr. Burnett's subsequent offers of property appear to have included provisions or complications making acceptance by Ms. Steeley impossible or at least difficult in light of her financial situation and her residence out-of-state. Once the February 2006 judgment became final, Ms. Steeley had the legal right to proceed with enforcement. The fact that those proceedings did not result ultimately in sale of the property at auction and distribution of the proceeds to Ms. Steeley as provided by the enforcement statutes does not require reversal. Under the circumstances, the district court had the discretion to determine the manner in which to enforce the judgment, including the discretion to order Mr. Burnett to pay the unsatisfied judgment amount in cash.

## 2. The District Court Properly Ordered Mr. Burnett to Pay Interest on the Judgment from the Date of the February 2006 Judgment Until He Pays the Judgment in Full.

[¶ 26] Mr. Burnett also claims the district court erred in ordering him to pay interest on the February 2006 judgment amount after May 1, 2007, the date when he offered to convey property by warranty deed to Ms. Steeley in satisfaction of the judgment. He contends that her rejection of his offer cannot be the basis for imposing additional interest payments on him. He cites Wyo. Stat. Ann. § 1–16–102(a) (LexisNexis 2007) which provides that interest accrues from the time judgment is entered "until paid." Citing *Parker v. Artery*, 889 P.2d 520, 527 (Wyo.1995), he argues that the phrase "until paid" includes the tender of a payment due; it does not require the tender to be accepted. On that basis he contends that Ms. Steeley's rejection of his May 1, 2007, offer to transfer property by warranty deed tolled the accrual of statutory interest.

[¶ 27] In *Parker*, judgment was entered against the defendant and statutory interest began to accrue as of that date. The defendant filed a motion for leave to deposit the judgment amount in court. In the motion, the defendant asserted that the plaintiffs had refused to accept payment of the judgment pending a ruling on their post-trial motions and a possible appeal. *Id.* at 527. The district court allowed the defendant to deposit the judgment amount and tolled the accrual of statutory interest as of the deposit date.

[¶ 28] On appeal, this Court held that the words "until paid" as used in § 1–16–102(a) do not require the payment of a judgment amount to be made and accepted by the prevailing party to toll the accrual of statutory interest. *Id.* at 528. By paying the judgment amount to the district court, i.e. surrendering control to the court of the sum necessary to discharge the debt, the defendant "paid" the judgment amount and stopped the accrual of statutory interest.

[¶ 29] Unlike the situation in *Parker*, Mr. Burnett did not pay the judgment amount to the district court. Depositing quitclaim deeds for property to which he did not have clear title did not constitute "payment" to the district court of the judgment amount such as would stop the accrual of statutory interest, nor did his offer to convey property by warranty deed upon receipt of $43,000 from the judgment creditor. Neither of these acts constituted surrendering control to the court of the sum necessary to discharge the debt. *Id.*

[¶ 30] The other difficulty with Mr. Burnett's argument is that, unlike the situation in *Parker* where the judgment debtor deposited the judgment amount with the district court, the record here does not establish that any of Mr. Burnett's efforts involved payment of the judgment amount. Mr. Burnett presented no evidence to support the conclusion that the quitclaim deeds he deposited with the court conveyed property valued at a price equal to the judgment amount. As for his subsequent offer to convey property by warranty deed, Ms. Steeley was under no obligation to accept it given that it came over a year after the judgment became final, came after she had begun enforcement proceedings, and included a contingency (the payment to him of $43,000) that Ms. Steeley testified she could not meet. Under the circumstances, Mr. Burnett's offer did not stop the accrual of statutory interest.

**3. The District Court Properly Exercised Its Discretion in Awarding Attorney's Fees.**

■ [¶ 31]  In Mr. Burnett's consolidated appeal, he challenges the district court's order awarding attorney's fees that Ms. Steeley expended in her efforts to enforce the February 2006 judgment.  He claims first that the district court lacked authority to award attorney's fees because this Court has interpreted Wyo. Stat. Ann. § 20–2–111 (LexisNexis 2007) as allowing such an award only for fees expended during a divorce proceeding or in an action to enforce a divorce decree.  He claims the fees awarded here were not expended during the divorce action or in an action to enforce a divorce decree but instead were incurred by Ms. Steeley in her efforts to modify the final property division judgment.

[¶ 32]  Section 20–2–111 provides:

In every action brought for divorce, the court may require either party to pay any sum necessary to enable the other to carry on or defend the action and for support and the support of the children of the parties during its pendency.  The court may decree costs against either party and award execution for the costs, or it may direct costs to be paid out of any property sequestered, in the power of the court, or in the hands of a receiver.  The court may also direct payment to either party for such purpose of any sum due and owing from any person.

■ [¶ 33]  There is no question that this provision allows a party to obtain reimbursement of attorney's fees incurred in original divorce actions as well as proceedings to modify or enforce divorce decrees.  *Roberts v. Roberts,* 816 P.2d 1293, 1298 (Wyo.1991); *Broyles v. Broyles,* 711 P.2d 1119, 1129 (Wyo. 1985).  In *Breitenstine v. Breitenstine,* 2006 WY 48, 132 P.3d 189 (Wyo.2006), we considered an award of attorney's fees and costs that the wife incurred in attempting to enforce the district court's judgment against the husband.  Concluding that the wife's efforts were occasioned by husband's continued failure to comply with the judgment, we upheld the award.

[¶ 34]  We concluded earlier in this opinion that this appeal arose from Ms. Steeley's efforts to enforce the February 2006 judgment.  As in *Breitenstine,* her efforts were occasioned by her former husband's failure to comply with the judgment.  Mr. Burnett's argument that the award was not authorized by § 20–2–111 is without merit.

■ [¶ 35]  Mr. Burnett argues next that, even if the district court had the authority to award attorney's fees, the evidence did not support the award in this case.  He claims there was no showing that Ms. Steeley needed reimbursement of attorney's fees in order to proceed in the case or protect her interests.  He contends that his payment to her of $125,646.12 in the spring of 2007 allowed her to proceed and protect her interests.

■ [¶ 36]  On appeal of an award of attorney's fees, the burden is on the party attacking the district court's ruling to show an abuse of discretion, and the ultimate issue is whether the court could reasonably conclude as it did.  *Breitenstine,* ¶ 19, 132 P.3d at 195.  In support of the motion for attorney's fees, Ms. Steeley's attorney submitted affidavits and itemized billing statements reflecting that as of October 31, 2007, he had billed Ms. Steeley the sum of $42,501.00 in attorney's fees and incurred costs in the amount of $2,823.86.  Ms. Steeley also submitted her own affidavit in which she averred that:  she received no property and no income from the marital businesses after the parties separated and prior to the divorce;  in the divorce, she received very little cash other than her retirement funds;  she used her retirement funds to establish a home and pay living expenses and attorney's fees incurred in obtaining the divorce and collecting the judgment;  use of her retirement benefits resulted in withdrawal penalties and tax liabilities;  she used the money she received in partial satisfaction of the judgment to pay off debts;  and she had no savings or other funds with which to pay her attorney's fees.

[¶ 37]  At the district court's request, Ms. Steeley also presented the affidavit of David Erickson, attorney at law, averring that he had reviewed her attorney's files and in his opinion the fees, costs and expenses incurred were reasonable and necessary for the legal

work performed in attempting to collect and enforce the February 2006 judgment. Upon consideration of these motions and affidavits and the arguments of counsel, the district court entered an order granting Ms. Steeley's attorney's fees motion. Given the evidence presented, Mr. Burnett has not met his burden of showing an abuse of discretion. The district court reasonably concluded that Ms. Steeley was entitled to the attorney's fees award.

## CONCLUSION

[¶ 38] After Mr. Burnett failed to satisfy the February 2006 judgment, the district court had the authority to enforce it by ordering Mr. Burnett to pay the unsatisfied amount in cash. The district court also properly ordered Mr. Burnett to pay statutory interest on the amount owing from the date it entered the judgment until it is paid, either by depositing the amount owed with the district court or paying Ms. Steeley directly. Finally, the district court did not abuse its discretion when it awarded attorney's fees that Ms. Steeley incurred in enforcing the February 2006 judgment.

[¶ 39] Affirmed.