2008 WY 123

**Rodney ALLOWAY, Appellant (Defendant),**

v.

**RT CAPITAL, INC., Appellee (Plaintiff).**

**No. S–08–0042.**

Supreme Court of Wyoming.

Oct. 10, 2008.

Representing Appellant: Pro se.

Representing Appellee: Larry W. Harrington, Harrington Law Firm, P.C., Casper, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1] Rodney Alloway, *pro se*, appeals from the district court's order granting summary judgment in favor of RT Capital, Inc.

(RT Capital) on an outstanding credit card account balance. He claims that RT Capital's summary judgment submissions were insufficient. We affirm.

## ISSUE

[¶ 2] Both parties present the same simply stated issue on appeal:

Did the court improperly grant summary judgment?

## FACTS

[¶ 3] In January 2007, RT Capital filed a complaint against Mr. Alloway, seeking to collect on a delinquent credit card account. The complaint alleged Mr. Alloway had applied for and received a credit card from Metris/Direct Merchants Credit Card Bank (Metris). RT Capital claimed that he used the card and did not pay the balance due of $5,847.19, plus interest. Having failed to obtain payment on Mr. Alloway's account, Metris sold it to account collectors. Eventually, RT Capital took assignment of the account.

[¶ 4] Mr. Alloway answered the complaint and admitted that he had opened an account with Metris and used the credit card. He denied, however, the balance due. RT Capital filed a motion for summary judgment, which it supported with an affidavit from one of its employees. Mr. Alloway responded to RT Capital's summary judgment motion with his personal affidavit which made various allegations against RT Capital's attorney. After a hearing, the district court granted summary judgment in favor of RT Capital. Mr. Alloway appealed.

## STANDARD OF REVIEW

[¶ 5] Summary judgments are governed by W.R.C.P. 56(c):

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

[¶ 6] A district court's summary judgment ruling is reviewed *de novo,* using the same materials and following the same standards as the district court. The evidence is considered from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences that may fairly be drawn from the record. *Metz v. Laramie County School Dist. No. 1,* 2007 WY 166, ¶ 17, 173 P.3d 334, 339 (Wyo.2007); *Cook v. Shoshone First Bank,* 2006 WY 13, ¶ 11, 126 P.3d 886, 889 (Wyo.2006).

[¶ 7] The summary judgment movant bears the initial burden of establishing a *prima facie* case for summary judgment by showing that no genuine issue of material fact exists and that judgment should be granted as a matter of law. *Boehm v. Cody Country Chamber of Commerce,* 748 P.2d 704, 710 (Wyo.1987). He must present admissible evidence to meet his burden. *Sunshine Custom Paints & Body, Inc. v. South Douglas Highway Water & Sewer Dist.,* 2007 WY 206, ¶ 9, 173 P.3d 398, 401 (Wyo.2007).

[¶ 8] If the party seeking summary judgment carries his burden, the opposing party must present specific facts to demonstrate a genuine issue of material fact exists. *Hatton v. Energy Electric Co.,* 2006 WY 151, ¶ 9, 148 P.3d 8, 12 (Wyo.2006). We explained the duties of the party opposing a motion for summary judgment in *Cook,* ¶ 12, 126 P.3d at 890, quoting *Jones v. Schabron,* 2005 WY 65, ¶¶ 9–11, 113 P.3d 34, 37 (Wyo.2005):

After a movant has adequately supported the motion for summary judgment, the opposing party must come forward with competent evidence admissible at trial showing there are genuine issues of material fact. The opposing party must affirmatively set forth material, specific facts in opposition to a motion for summary judgment, and cannot rely only upon allegations and pleadings ..., and conclusory statements or mere opinions are insufficient to satisfy the opposing party's burden.

The evidence opposing a prima facie case on a motion for summary judgment "must be competent and admissible, lest

the rule permitting summary judgments be entirely eviscerated by plaintiffs proceeding to trial on the basis of mere conjecture or wishful speculation." Speculation, conjecture, the suggestion of a possibility, guesses, or even probability, are insufficient to establish an issue of material fact.

## DISCUSSION

[¶ 9]   Mr. Alloway claims the district court erred by granting summary judgment because RT Capital's summary judgment materials were insufficient to meet its *prima facie* burden.   RT Capital's summary judgment motion was supported by Heather Herndon's affidavit, which stated in pertinent part:

1. That I am employed by RT CAPITAL, INC., and that I am the designated agent for the Plaintiff.

2. That I am authorized to make this Affidavit on behalf of RT CAPITAL, INC.

3. That Plaintiff is in the business of purchasing commercial paper; in particular, credit accounts from lenders who have chosen to sell bad debt rather than continuing the collection process themselves.

4. That as investors, we are familiar with the original lenders; and we know the original creditor to be a well-known-issuer of credit.

5. That because of my position, I have become familiar with commercial paper used to document debt in the credit industry; and in particular, I am familiar with the paper used to document by the original lender in this matter.

6. That as an investor in the credit industry, the documentation of the accounts is purchased from the original lender.

7. That as an investor, we require the documentation from the original creditor to be true and accurate.

8. That we know that the original creditor must keep records in the usual course of their business in order to conduct its business.

9. That as issuers of credit, the original lender must enter all transactions at or about the time that they occur.

   . . . .

13. That upon use of the credit card, monthly billing statements are sent to the cardholder to be paid.

14. That the documents attached hereto are true and accurate copies provided by the original creditor and sold to the Plaintiff.

15. That the account subject of this suit was originally issued by Direct Merchants Credit Card Bank/Metris Companies, and was subsequently acquired by the plaintiff as is evidenced by assignments attached as Exhibit 1.

16. That attached hereto is a copy (Exhibit 2) of the Agreement that was issued by the original lender when the account was opened.

17. That attached as Exhibit 3 are copies of statements of account sent to the defendant by the original lender dated May 13, 2003 to May 13, 2004.

18. That the last payment was made on the account on September 30, 2003.

19. That the balance due as of 05/31/2004 is $5847.19.

20. That the interest is accruing at $1.1214 per day from 05/31/2004.

21. That interest of $1,432 has accrued since May 31, 2004.

2[2]. That RT Capital, Inc. has not in any manner canceled or forgiven the balance due.

2[3]. That principal and interest due is $7279.19 plus interest accruing at $1.1214 per day from November 29, 2007 and reasonable attorney fees under the contract.

The assignments of the account, a copy of a Metris cardholder agreement, and numerous statements of Mr. Alloway's accounts were attached to Ms. Herndon's affidavit.

[¶ 10]   Mr. Alloway's responding affidavit stated:

1. Mr. Harrington [RT Capital's attorney] is not being truthful with this court.

2. Mr. Harrington's motion for SUMMARY JUDGMENT is not based on all the material facts filed in this case.

3. Mr. Harrington has yet to answer documents filed by Rodney Alloway left out in support of his motion.

4. Mr. Harrington refuses to show where Rodney Alloway is liable to Mr. Harrington.

5. Mr. Harrington refuses to provide the original contract, not a copy, if any.

6. Demand for a copy of the original contract with RT Capital is unanswered.

It is Rodney Alloway's opinion and belief that fraud is being committed by Mr. Harrington to obtain an unlawful order for collection of this debt without proof Mr. Alloway is the correct party.

■ [¶ 11] Mr. Alloway argues that summary judgment was improper because RT Capital supplied only a copy of Metris' standard cardholder agreement, rather than providing the original contract he signed. The problem with Mr. Alloway's argument is that he admitted in his answer to the complaint that he entered into an agreement with Metris and used the credit card. Moreover, he did not assert in his summary judgment affidavit that the cardholder agreement attached to Ms. Herndon's affidavit did not accurately reflect the terms of his account. W.R.C.P. 8(d) states, in relevant part: "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." Since Mr. Alloway admitted he applied for, received and used the credit card and he did not present any specific facts indicating that the terms of the agreement supplied by RT Capital were incorrect, the lack of the original agreement is meaningless.

■ [¶ 12] Although his argument is not entirely clear, Mr. Alloway apparently also contests the summary judgment in favor of RT Capital because he did not have an agreement with that company. The cardholder agreement provided that Metris could "sell, assign or transfer your [a]ccount or any portion thereof without notice to you." Our law is clear that, when a contract states it is

assignable, we will honor that term. *See, e.g., Angus Hunt Ranch, Inc. v. Bowen,* 571 P.2d 974, 977–78 (Wyo.1977). The documents attached to Ms. Herndon's affidavit included bills of sale and assignments showing transfer of the account from Metris, through several other entities and finally to RT Capital. Mr. Alloway did not provide any specific facts in his affidavit showing that the account was not assignable or that any of the assignments were improper. Thus, Mr. Alloway's claim that he did not enter into an agreement directly with RT Capital is not tenable.

■ [¶ 13] Mr. Alloway further insists that Ms. Herndon did not have the personal knowledge necessary to provide foundation for the credit card statements which established the balance due. RT Capital argues that Mr. Alloway failed to file an answer denying the balance claimed in the complaint; however, his answer is contained in the record on appeal and reveals that he effectively denied the balance due. RT Capital, therefore, had an affirmative obligation to present admissible evidence to establish the balance.

[¶ 14] RT Capital attached to Ms. Herndon's affidavit the credit card statements sent by Metris to Mr. Alloway. The credit card statements were, obviously, hearsay as they were not made by a declarant while testifying at the trial or hearing and were offered in evidence to prove the truth of the matter asserted, i.e. the balance due on the account. W.R.E. 801(c). Therefore, pursuant to W.R.E. 802, the credit card statements were not admissible unless they fell within an exception to the hearsay rule.

■ [¶ 15] The most obvious exception applicable to the statements is the business record exception in W.R.E. 803(6):

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

(6) *Records of Regularly Conducted Activity.*—A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with

knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances or preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

In order to be admissible under Rule 803(6), the proponent must provide testimony by a qualified witness demonstrating that "the report was made at or near the time [of the event, etc.]; ... by a person with knowledge or made from information transmitted by a person with knowledge;" it was a regular practice of the business to make such a report; and, the report was kept "in the course of regularly conducted business practices." *McCone v. State*, 866 P.2d 740, 753 (Wyo. 1993).

[¶ 16] Mr. Alloway seems to argue that, because the original lender generated the credit card statements, Ms. Herndon, as an employee of RT Capital, could not provide the foundation necessary for admission of the statements. In *Great Seneca Financial v. Felty*, 170 Ohio App.3d 737, 869 N.E.2d 30, 34 (2006), an Ohio court of appeals held, under circumstances similar to those presented here, an employee of the assignee of a credit card account could provide foundation for the statements. The court followed federal court decisions which held that "exhibits can be admitted as business records of an entity, even when that entity was not the maker of those records, provided the other requirements of Rule 803(6) are met and the circumstances indicate that the records are trustworthy." *Id.*

[¶ 17] Ms. Herndon identified the documents and explained her relationship with RT Capital and how it had acquired the account and the associated statements from Metris. She stated specifically that she was familiar with the types of documents employed by Metris in documenting debt. Ms.

Herndon averred that RT Capital knew that Metris kept the records as part of its regularly conducted business and, as an issuer of credit, Metris was required to enter the transactions in a timely fashion. Mr. Alloway's affidavit did not provide any specific facts to counter Ms. Herndon's averments.

[¶ 18] Moreover, Mr. Alloway's affidavit did not challenge the charges or the balance due reflected in the statements. In that respect, his argument is similar to the one that failed in *Hatton*. There, the Hattons argued that the district court should not have considered an affidavit made by Energy Electric's vice-president because he relied upon the official accident report and attached it to his affidavit, although he had no personal knowledge of the accident. *Id.* at ¶ 11, 148 P.3d at 14. We ruled that the affidavit provided proper evidentiary support for Energy Electric's summary judgment motion because the Hattons did not contest the information contained in the report. *Id.* at ¶ 13, 148 P.3d at 14.

[¶ 19] We conclude that RT Capital presented a *prima facie* case in support of its motion for summary judgment. Ms. Herndon's affidavit contained all of the foundational requirements necessary to establish the admissibility of the statements under the business records exception to the hearsay rule. Mr. Alloway did not come forward with competent evidence admissible at trial showing there were genuine issues of material fact. His assertions were general and conclusory and did not "affirmatively set forth material, specific facts in opposition to [RT Capital's] motion for summary judgment." *Cook*, ¶ 12, 126 P.3d at 890, quoting *Jones*, ¶¶ 9–11, 113 P.3d at 37. On this record, the district court correctly granted summary judgment in favor of RT Capital.

[¶ 20] Affirmed.