# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 51

### APRIL TERM, A.D. 2014

### April 22, 2014

KIMBERLY SHINDELL,

Appellant
(Respondent),

v.                                                    S-13-0117

ROGER SHINDELL,

Appellee
(Petitioner).

*Appeal from the District Court of Teton County*
The Honorable Marvin L. Tyler, Judge

***Representing Appellant:***
Robert E. Schroth, Sr., Jackson, Wyoming.

***Representing Appellee:***
Roger Shindell, *pro se.*

***Guardian ad Litem:***
Jean A. Day, Jackson, Wyoming.  No appearance.

*Before KITE, C.J., and HILL, BURKE, DAVIS, and FOX, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KITE, Chief Justice.**

[¶1]    Kimberly Shindell (Mother) appeals from the district court's order finding her in civil contempt of court for refusing to comply with the district court's orders regarding Roger Shindell's (Father) rights to visitation and communication with their two daughters. She challenges the district court's finding of contempt and the remedies it imposed.  We affirm.

## ISSUES

[¶2]    Mother presents the following issues on appeal:

> 1. DID THE DISTRICT COURT ERR IN FINDING APPELLANT/MOTHER IN INDIRECT CIVIL CONTEMPT?
>
> 2. DID THE DISTRICT COURT ABUSE ITS DISCRETION, COMMIT PROCEDURAL ERROR, AND VIOLATE A PRINCIPLE OF LAW BY ORDERING APPELLANT/MOTHER TO PAY FOR ALL TRAVEL-RELATED COSTS FOR HER CHILDREN TO VISIT APPELLEE/FATHER?
>
> 3. DID THE DISTRICT COURT ABUSE ITS DISCRETION, COMMIT PROCEDURAL ERROR, AND VIOLATE A PRINCIPLE OF LAW BY ORDERING APPELLANT/MOTHER TO POST A $10,000.00 BOND IN THE EVENT SHE INTERFERES WITH HER CHILDREN VISITING APPELLEE/FATHER?
>
> 4. DID THE DISTRICT COURT ABUSE ITS DISCRETION, COMMIT PROCEDURAL ERROR, AND VIOLATE A PRINCIPLE OF LAW BY ORDERING APPELLANT/MOTHER TO PAY APPELLEE/FATHER'S ATTORNEY'S FEES AND COSTS?

Father, appearing *pro se*, claims the district court properly found Mother in contempt of court and its remedies were appropriate.  He also asserts that certain aspects of the district court's order were not appealable and he is entitled to sanctions against Mother and her appellate counsel.

## FACTS

1

[¶3]   The parties divorced in 2004, and Mother, who lived in Jackson, Wyoming, was granted primary residential custody of their two daughters subject to Father's rights of visitation and communication.  In the years since the divorce, Father has filed numerous motions in an effort to enforce his rights and the district court has entered very detailed orders directing Mother to cooperate with Father.

[¶4]   In 2012, Father, who lived in Indiana and had recently remarried, attempted to arrange visitation with the girls over spring break.  Mother learned that Father was keeping pets in his home and was concerned that their presence would adversely affect the older daughter who was allergic to cats and dogs and suffered from asthma.  Mother consulted a doctor who advised that the girl should not be exposed to those living conditions.  Accordingly, Mother did not put the girls on the flight to visit Father over spring break 2012.  The girls also did not visit Father during the following summer, although he was entitled to summer visitation.

[¶5]   On August 31, 2012, Father filed a verified motion for order to show cause why Mother should not be held in contempt of court for refusing to comply with the communication and visitation provisions of the divorce decree.  The district court held a hearing on the matter, and Mother, appearing *pro se*, conceded she did not put the girls on the plane to visit Father over spring break but explained the health risks to the eldest daughter from exposure to pets were too great.  In addition, the evidence showed she violated the court orders by refusing to allow or facilitate communication between Father and the girls, failing to notify and include the Father in decisions regarding the girls' education, medical care, etc., and failing to cooperate with the guardian ad litem.

[¶6]   The district court found Mother in contempt of court and sanctioned her by, among other things, expanding Father's visitation, requiring Mother to pay for the girls' plane tickets for winter break 2012-13 and spring break 2013, ordering Mother to allow the girls to have unfettered communication with Father, requiring Mother to post a bond if she did not fulfill the remedial portions of the order regarding visitation, and directing Mother to pay Father's attorney fees and costs and the guardian ad litem fees.  Mother retained an attorney and appealed.

**STANDARD OF REVIEW**

[¶7]   This Court does not interfere with an order holding a party in civil contempt of court in a domestic relations case "absent a serious procedural error, a violation of a principle of law, or a clear and grave abuse of discretion."  *Roberts v. Locke,* 2013 WY 73, ¶ 14, 304 P.3d 116, 120 (Wyo. 2013).  *See also Munoz v. Munoz,* 2002 WY 4, ¶ 6, 39 P.3d 390, 392 (Wyo. 2002); *Olsen v. Olsen,* 2013 WY 115, ¶ 33, 310 P.3d 888, 896 (Wyo. 2013).  In reviewing the exercise of a district court's broad discretion under its contempt powers, we must determine whether the court reasonably could have concluded

2

as it did. *Roberts,* ¶ 14, 304 P.3d at 120, citing *Stephens v. Lavitt,* 2010 WY 129, ¶ 18, 239 P.3d 634, 639 (Wyo. 2010).

## DISCUSSION

### *1. Finding of Contempt*

[¶8]   Wyo. Stat. Ann. § 20-2-204(b) (LexisNexis 2013) governs enforcement of a divorce decree:

> (b) A court having jurisdiction under W.S. 20-2-203 may, upon appropriate motion of a party, require a parent to appear before the court and show just cause why the parent should not be held in contempt, upon a showing that the parent has willfully violated an order concerning the care, custody and visitation of the children. In order to enforce and require future compliance with an order the court may find that the parent is in contempt of court, award attorney's fees, costs and any other relief as the court may deem necessary under the circumstances to the party aggrieved by the violation of an order.

*See also Walker v. Walker,* 2013 WY 132, ¶ 39, 311 P.3d 170, 178 (Wyo. 2013) (courts have inherent and statutory authority to enforce their orders in domestic relations cases through contempt sanctions).

[¶9]   In addressing Father's motion for order to show cause, the district court utilized the contempt procedures set out in W.R.Cr.P. 42 and 42.1, although it specified the proceeding involved allegations of indirect civil contempt.  Rule 42(a)(2) states:

> (2)   Indirect (Constructive). – Indirect (constructive) contempts are those not committed in the immediate presence of the court, and of which it has no personal knowledge, including but not limited to the following acts or omissions:
> . . . .
> (C) Disobedience of any lawful judgment, order, or process of the court;
> . . . .
> (G) Any other unlawful interference with the process or proceedings of a court[.]

[¶10]  Mother claims the district court erred by finding her in contempt of court because Father did not prove by clear and convincing evidence that she violated a lawful order of

3

the court. Father maintains he did present clear and convincing evidence that she was in contempt of court. Like a majority of jurisdictions, we agree civil contempt must be proven by clear and convincing evidence. *See* 17 Am. Jur. 2d *Contempt* § 183 (2014), and cases cited therein. Clear and convincing evidence is evidence that would persuade a finder of fact that the truth of the contention is highly probable. *TMC v. State, Dep't of Family Servs. (In re: ARC),* 2011 WY 119, ¶ 14, 258 P.3d 704, 708 (Wyo. 2011); *MN v. State, Dep't of Family Servs.,* 2003 WY 135, ¶ 5, 78 P.3d 232, 234 (Wyo. 2003). The elements of civil contempt include: 1) an effective court order that required certain conduct by the alleged contemnor; 2) the contemnor had knowledge of the order; and 3) the alleged contemnor disobeyed the order. *United States v. Ford,* 514 F.3d 1047, 1051 (10th Cir. 2008); 17 Am. Jur. 2d *Contempt* § 183. Once those elements are proven, the burden shifts to the person charged with contempt to show he or she was unable to comply. *Id.*

[¶11] Mother claims the district court erred by finding her in civil contempt of court. The first element—the existence of a court order requiring her to comply with certain rules of conduct—was clearly satisfied in this case. The district court has issued numerous orders since 2004 regarding Father's rights to communicate and visit with his daughters and other matters. The orders set out in great detail Mother's responsibilities for facilitating communication and visitation and cooperating with Father. Specifically, she was to allow the girls to communicate with Father via telephone, internet and email. With regard to visitation, Mother was to cooperate with Father in making travel arrangements for the girls during Father's visitation periods, including transporting them to the airport and seeing them through the check-in process. In addition, Mother was directed to consult with Father on medical, educational, etc. decisions concerning the girls and to cooperate with the guardian ad litem.

[¶12] It is equally clear that the second element of civil contempt—Mother's knowledge of the orders—was satisfied. Mother testified at the contempt hearing and generally recognized that she was aware of her responsibilities. The extensive course of proceedings in this case also indicates that Mother was conscious of the extremely detailed court orders issued over the years. Given this record, Mother admits on appeal that the first two elements of contempt were satisfied.

[¶13] Mother does, however, contest the district court's findings regarding the third element of contempt and claims she did not disobey any order of the court. Although she acknowledged she did not put the girls on the flight for spring break 2012, she claimed it was because of her concerns over the older child's health. She did not, however, initiate a modification action to have the visitation requirements changed, but decided, unilaterally, to ignore the court order.

[¶14] Mother claims she communicated to Father her concern about his pets and the older daughter's allergies and asthma but he did nothing to address the situation. The

4

evidence presented at the hearing was to the contrary. Father's wife (the girls' stepmother) testified that she and Father took steps to reduce the effects of their pets on the older daughter's allergies. She stated they kept the house very clean, installed multiple HEPA filters, and did not allow any pets in the girls' bedroom. She testified that generally the older girl did not suffer any adverse reaction and really enjoyed spending time with the family pets. When the daughter suffered an allergic reaction, the stepmother testified they treated her with medication. Mother conceded on cross examination that Father had consulted with a physician about the older daughter's condition, and she admitted that the younger daughter does not suffer from allergies but Mother did not send her for visitation, either.

[¶15] The hearing evidence also demonstrated that Mother interfered with Father's efforts to communicate with the girls over the telephone and computer by generally making them unavailable. In addition, Mother enrolled the girls in a new school without consulting Father and did not even list him as a parent on the application forms. She also did not cooperate with the guardian ad litem, who explained her persistent efforts to meet with the girls and Mother's general reluctance to facilitate those meetings. Clear and convincing evidence, therefore, established that mother disobeyed the court orders in several respects.

[¶16] In advancing her argument that the district court erred by finding her in civil contempt of court, Mother complains about the district court's refusal to admit into evidence a letter from Dr. Martin Trott stating that the older girl should not be housed with pets. A court generally has broad discretion in ruling on the admission of evidence in domestic relation proceedings, and we will not interfere with its decision absent an abuse of discretion. *Witowski v. Roosevelt,* 2009 WY 5, ¶ 14, 199 P.3d 1072, 1076 (Wyo. 2009). The doctor's letter was obviously hearsay because he did not appear in court. W.R.E. 801(c) and 802. Given Mother made no effort to lay foundation for the letter's admission under a recognized hearsay exception, the district court properly refused it. *See, e.g., Rudy v. Bossard,* 997 P.2d 480, 483-84 (Wyo. 2000); *Hunter v. Farmers Ins. Group,* 554 P.2d 1239, 1241 (Wyo. 1976) (a doctor's letter must fall within a hearsay exception to be admissible if the doctor does not testify). *See also Hanson v. Belveal,* 2012 WY 98, ¶¶ 52-53, 280 P.3d 1186, 1201 (Wyo. 2012) (a doctor's statements do not fall within the hearsay exception in W.R.E. 803(4) which applies to statements made by the person seeking medical care); *Alloway v. RT Capital, Inc.,* 2008 WY 123, ¶ 15, 193 P.3d 713, 718 (Wyo. 2008) (requirements for foundation to establish admissibility of a record of regularly conducted activities under W.R.E. 803(6)). Although the district court did not admit the letter, it did hear Mother's testimony about what the doctor told her and how she responded to that advice. Hence, the evidence was before the district court and the fact that the letter was not actually admitted into evidence was essentially meaningless.

[¶17] Mother also complains that the district court did not consider the girls' preferences in its order. She states in her brief that they "desired to have no contact with their father or to travel to his home in Indiana to visit him." Mother chose not to have the girls at the hearing and testified that she had not informed them of the proceeding because she did not want them involved. A bit inconsistently, Mother also stated that the older girl wanted to visit with the judge. Given Mother made no effort to have the girls express their preferences, the district court did not err by failing to consider that factor.

[¶18] Furthermore, the district court found: "[Mother], in utter, willful, and intentional defiance and violation of the Decree of Divorce and the extant Court Orders, has engaged in a scheme or campaign of parental alienation since entry of the Decree of Divorce in this case in February 2004." Mother does not make any effective challenge to this and other similar findings in the district court's order. As such, any preferences the girls might have had were undoubtedly skewed by Mother's improper interference with Father's parental rights. The district court did not abuse its discretion by finding Mother in indirect civil contempt of court.

## 2. Remedies for Contempt

[¶19] Mother challenges several of the remedies ordered by the district court to sanction her civil contempt of court. Consistent with § 20-2-204(b), Rule 42.1 provides both coercive and compensatory remedies for contempt of court:

> (b) *Coercive Remedies.* – If, after notice and hearing, the court finds that a person has failed or refused to perform an act that is yet within the person's power to perform, the court may find the person in civil contempt of court and impose one or more of the following remedial sanctions:
> (1) Imprisonment which may extend only so long as it serves a coercive purpose;
> (2) An order designed to ensure compliance with a prior order of the court; or
> (3) Any other remedial sanction other than the sanctions specified in paragraph (1) or (2) if the court expressly finds that those sanctions would be ineffectual to terminate a continuing contempt of court.

> (c) *Compensatory Remedies.* – The court may, in addition to the remedial sanctions set forth in subdivision (b), order a person found in contempt of court to pay a party for any losses suffered by the party as a result of the contempt and any costs incurred in connection with the contempt proceeding, including reasonable attorney's fees.

6

[¶20] Mother claims the district court abused its discretion and violated "a principle of law" by ordering her to pay for all travel-related costs for the girls to visit Father. She does not direct us to any provision(s) of the various court orders that mandate her to pay for **all** travel expenses, and Father claims she misstates the order. The only specific provision we can locate was set out in an interim order and states that Mother shall pay for the girls' plane tickets for winter break 2012-2013 and spring break 2013. Because Mother has failed to identify any other ruling, we confine our review to that provision.

[¶21] Wyo. Stat. Ann. § 20-2-202 (LexisNexis 2013) governs visitation orders and states in relevant part:

> (a) The court may order visitation it deems in the best interests of each child and the court shall:
> > (i) Order visitation in enough detail to promote understanding and compliance;
> > (ii) Provide for the allocation of the costs of transporting each child for purposes of visitation[.]

In *Inman v. Williams,* 2009 WY 51, ¶ 18, 205 P.3d 185, 194 (Wyo. 2009), we stated, consistent with other domestic relation matters, "[t]here is no immutable standard for the allocation of travel expenses for the purpose of visitation; instead the determination of reasonableness is made on a case-by-case basis." In *Marquiss v. Marquiss,* 837 P.2d 25, 41-42 (Wyo. 1992), we held that the district court did not abuse its discretion when it required the custodial parent to pay the costs of transporting the children for visitation as a sanction for her failure to comply with its visitation order.

[¶22] Mother conceded that she did not allow the children to travel to Indiana to visit Father during spring break 2012, even though Father had purchased plane tickets for them. She also resisted his efforts to arrange visitation over winter break 2012-13 despite the district court's earlier verbal ruling she was in contempt of court for failing to cooperate with Father. Father was forced to file a motion for an emergency interim order for visitation over winter break. In her response, filed December 26, 2012 (after Christmas), Mother stated that she did not send the girls because "[t]o do so would endanger the health and safety of the girls." Consistent with its earlier oral ruling, the district court entered an interim order on December 28, 2012, requiring her to allow the girls to spend the winter break and the entire spring break with Father. In that order, it also required her to pay for the girls' plane tickets.

[¶23] As this course of proceedings makes clear, Father purchased tickets for spring break 2012, which were not used because Mother refused to comply with the visitation order. After being found in contempt of court, Mother again disobeyed the court's order by refusing to send the girls to visit their Father over winter break 2012, resulting in the

7

interim order. Obviously, Mother's continual defiance of the court orders resulted in Father incurring expenses that were unnecessary and burdensome.

[¶24] Mother's argument in this case is that she cannot afford to pay for all of the girls' travel expenses. She directs us to a Hawaii case, *Dring v. Dring,* 956 P.2d 1301, 1309 (Haw. Interm. Ct. App. 1998), which states that a court can order a custodial parent to pay the children's travel expenses for visitation with the other parent if it does not reduce the funds "reasonably necessary to support the children and the custodial parent at the relevant standard of living." The Hawaii court's statement simply recognized the limits of the discretion available to a family court. In the present case, other than stating in her brief that she receives government assistance because she only earns $15,000 per year, Mother does not provide any support for her claim that the limited travel expenses are beyond her capabilities. Her brief does include a citation to the record for the information regarding her resources, but the page number cited is not part of the record on appeal. Consequently, there is no factual basis to support her claim that she could not afford to pay the girls' travel expenses. On this record, the district court did not abuse its discretion by requiring Mother, as part of the sanctions for her contempt, to pay the girls' travel expenses for winter break 2012-13 and spring break 2013.[1]

[¶25] Next, Mother challenges the district court's order requiring her to post a bond in the event she fails to comply with the remedial provisions of its order. As a remedy for Mother's continuous interference with Father's parental right to visitation, the district court ordered:

> In the event that [Mother] fails to comply with any of the remedial provisions set forth and described in this Order related to [Father's] visitation with the children (especially if [Mother] fails and/or refuses to cooperate, prevents, or otherwise interferes with the children visiting with [Father]), resulting in the children's failure to get on the plane for [Father's] Court Ordered Visitation with his children, then [Mother] shall immediately, within 24 hours thereof, post and deposit with the Clerk of the District Court a cash bond, or other form of bond approved by the Court in advance, in the sum of Ten Thousand and no/100 Dollars ($10,000.00).

---

[1] Father argues this aspect of the district court's order is not appealable because the district court has not ordered Mother to pay a specific amount of travel expenses. In *Inman,* ¶¶ 6-8, 205 P.3d at 190-91, we noted that WRAP 1.05(b) allows appeal of orders affecting a substantial right made in a special proceeding. Given the district court's continuing jurisdiction over divorce matters and its general power to enforce its orders through contempt proceedings, the order requiring Mother to pay the girls' travel expenses affects a substantial right. The reasonableness of Father's expenses can be determined in a later proceeding, if necessary.

[¶26] Mother claims the district court only has authority to require the noncustodial parent to post a bond to ensure he or she returns the children at the end of the visitation period. In *Stonham v. Widiastuti,* 2003 WY 157, ¶ 28, 79 P.3d 1188, 1197 (Wyo. 2003), we stated that "[a] bond-posting requirement, used to ensure compliance with a decree in visitation and custody cases, is within the discretion of the district court and finds support in the law." Although *Stonham* was concerned with the noncustodial parent failing to return the child after visitation, one of the cases cited therein, *Leitner v. Lonabaugh,* 402 P.2d 713, 715 (Wyo. 1965), involved an order requiring the custodial parent to post a bond to discourage interference with the other parent's visitation rights.

[¶27] Both parties must comply with the decree, and as the general rule stated in *Stonham* indicates, the purpose of the bond requirement is to ensure such compliance. We assume the district court required Mother to post a bond in this case so Father could recoup expenses and fees associated with any future contemptuous actions by Mother. This is similar to the purposes of the bond in *Leitner,* 402 P.2d at 721. The district court did not abuse its discretion by requiring Mother to post a bond in an effort to hold her accountable to the court's visitation order and provide immediate monetary security to Father in the event she refuses to comply.

[¶28] Finally, Mother claims the district court erred when it required her to pay Father's attorney fees and costs.[2] She asserts Father is entitled to attorney fees only if he could establish that a fee award was necessary to help him carry on or defend the action under Wyo. Stat. Ann. § 20-2-111 (LexisNexis 2013).[3] *See, e.g., Jensen v. Milatzo-Jensen,* 2013 WY 27, ¶ 35, 297 P.3d 768, 779 (Wyo. 2013). In making this argument, Mother ignores the enforcement provision of Wyoming domestic relations statutes and Rule 42.1. Section 20-2-204(b) specifically states: "In order to enforce and require future

---

[2] Father asserts this provision of the order was not appealable because he had not filed documentation of his attorney fees at the time of Mother's appeal. W.R.C.P. 58(c) specifically addresses this issue:

> (c) Time of Entry. A judgment or final order shall be deemed to be entered whenever a form of such judgment or final order, signed by the trial judge, is filed in the office of the clerk of the court in which the case is pending. Entry of the judgment shall not be delayed, nor the time for appeal extended, in order to tax costs or award fees, except that, when a timely motion for attorney's fees is made under Rule 54(d)(2), the court, before the appellate court acquires jurisdiction, may order that the motion have the same effect on the time for appeal for all parties as a timely motion under Rule 59.

After the district court rules on Father's motion for attorney fees, that order will be subject to a separate appeal by either party with regard to the reasonableness of the district court's award. *See, e.g., Thorkildsen v. Belden,* 2011 WY 26, 247 P.3d 60 (Wyo. 2011).

[3] Section 20-2-111 states in relevant part: "In every action brought for divorce, the court may require either party to pay any sum necessary to enable the other to carry on or defend the action and for support and the support of the children of the parties during its pendency."

9

compliance with an order the court may find that the parent is in contempt of court, award attorney's fees, costs and any other relief as the court may deem necessary under the circumstances to the party aggrieved by the violation of an order." Similarly, Rule 42.1(c) specifically allows an award of attorney fees in a contempt action. The district court stated in its findings of fact that it was ordering Mother to pay Father's attorney fees because she had acted in defiance of the divorce decree and other court orders. Given the district court's clear authority to award attorney fees and costs under these circumstances, the district court's order was not erroneous.

### 3. Father's Requests for Sanctions

[¶29] Father requests sanctions against both Mother and her appellate counsel. W.R.A.P. 10.05 provides for sanctions against the appellant if we certify there was no reasonable cause for the appeal. That rule states in relevant part:

> If the court certifies there was no reasonable cause for the appeal, a reasonable amount for attorneys' fees and damages to the appellee shall be fixed by the appellate court and taxed as part of the costs in the case. The amount for attorneys' fees shall not be less than one hundred dollars ($100.00) nor more than five thousand dollars ($5,000.00). The amount for damages to the appellee shall not exceed two thousand dollars ($2,000.00).

W.R.A.P. 10.05. In general, Rule 10.05 sanctions are not available when the appellant challenges a district court's discretionary rulings. *Carbaugh v. Nichols,* 2014 WY 2, ¶ 23, 315 P.3d 1175, 1180 (Wyo. 2014). However, sanctions may be awarded if "'an appeal lacks cogent argument, there is an absence of pertinent legal authority to support the issues, or there is a failure to adequately cite to the record.'" *Id.,* quoting *Welch v. Welch,* 2003 WY 168, ¶ 13, 81 P.3d 937, 940 (Wyo. 2003). We agree that Mother's brief is wanting in several respects. Nevertheless, we do not believe it warrants imposition of W.R.A.P. 10.05 sanctions.

[¶30] Father argues, in two separate issues, that Mother's appellate counsel should be independently sanctioned for violations of the Wyoming Rules of Professional Conduct for Attorneys at Law and the Disciplinary Code of the Wyoming State Bar. One premise of his argument seems to be that Mother's brief was insufficient in many respects. We have already decided in the discussion pertaining to Rule 10.05 that the deficiencies in the brief did not warrant an award of sanctions. For the same reason, we find no basis to sanction the attorney.

[¶31] Father also asserts Mother's appellate counsel should be sanctioned for being complicit in her on-going efforts to alienate him from the girls. He maintains the appeal

simply served to prolong the time he was separated from his daughters. However, the order allowing Father to communicate and visit, etc. with the girls remained in effect while this appeal was pending. Further, when Mother moved for a stay of proceedings pending this appeal, we denied it. In *Moore v. Moore,* 809 P.2d 255, 258 (Wyo. 1991), we stated specifically with regard to domestic relation matters "a district court has the right and the power, during the pendency of an appeal, to enforce its decree and to protect the parties as to any rights which the decree gave to them." If Mother did not comply with the order during the appeal, she would be subject to a separate enforcement action.

[¶32] Affirmed.