# IN THE SUPREME COURT, STATE OF WYOMING

# 2019 WY 99

## APRIL TERM, A.D. 2019

## September 27, 2019

CARLINE ADELLE LEW,

Appellant
Plaintiff),

v.

S-19-0036

FRANK W. LEW,

Appellee
(Defendant).

*Appeal from the District Court of Sweetwater County*
*The Honorable Nena James, Judge*

*Representing Appellant:*
Michael Stulken, Stulken Law, PC, Gillette, Wyoming.

*Representing Appellee:*
Elizabeth Greenwood and Inga L. Parsons, of Counsel, Greenwood Law, LLC, Pinedale, Wyoming.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE:** This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**GRAY**, Justice.

[¶1]    In accordance with the Lews' 2007 divorce decree, Frank W. Lew (Father) agreed to establish college accounts in the amount of $50,000 for each of the parties' two children.  Carline Adelle Lew (Mother) managed one account and Father managed the other.  Mother brings this appeal to challenge an order requiring her to reimburse funds she removed from the account she managed.  She argues that the district court abused its discretion in awarding damages in the amount of $50,000 without receiving evidence on the matter, and it erred in awarding post-judgment interest beginning in September 2007.  She also argues Father is not a real party in interest.  We conclude that the district court did not abuse its discretion when it ordered Mother to reimburse the account, and Mother waived the argument regarding the real party in interest.  We reverse and remand on the award of post-judgment interest.

## ISSUES

[¶2]    We rephrase the issues:

  1.    Did the district court err when it found damages in the amount of $50,000 without receiving evidence on the matter?

  2.    Did the district court err as a matter of law when it awarded 10% post-judgment interest from September 2007?

  3.    Is Father the real party in interest?

## FACTS

[¶3]    The parties divorced in 2007.  Pursuant to their stipulated divorce decree, Father was to contribute $50,000 for college accounts for each of the parties' two children.  The accounts were established in September 2007.  The parties agreed that each parent would be the trustee of one account.  Father was to manage SL's $50,000 account and Mother to manage JL's $50,000 account.

[¶4]    Mother began withdrawing funds from JL's account leaving a zero balance as of June 30, 2010.  The district court issued two orders addressing this problem—one in June 2011 and the other in December 2017.  In June 2011, the district court entered a temporary order requiring Mother to reimburse the "education accounts to the level they should have been prior to any withdrawals . . . and in accordance with the amounts reflected in the similar accounts maintained by" Father.  Mother did not appeal the order, and she did not reimburse any funds to JL's account.

1

[¶5]   In February 2017, Father filed a motion for order to show cause why Mother should not be held in contempt for failure to comply with the 2011 order.  The district court did not hold an evidentiary hearing.  Instead, the court ordered the parties to submit briefs on the "issue of judgment interest with regard to the monies owed" by Mother.  In December 2017, the district court entered its second order on the issue, a "Judgment on Order to Show Cause."   The court found Mother in contempt and required her to reimburse JL's account by paying Father $132,138.74 ($50,000 plus 10% interest calculated from September 2007).   The court then ordered Father to "retain reimbursement for those amounts he has expended on J.L.'s education" and put any "remaining amounts" into an "education trust fund to be administered solely" by Father.  The court qualified its decision:

> 4.   The total judgment amount is entered to enforce the Decree of Divorce and constitutes judgment pursuant to W.S. § 20-2-310(c); *not* W.S. § 14-2-204.

> 5.   The total judgment amount shall continue to accrue a ten percent judgment interest rate pursuant to W.S. § 1-16-102(a) until the full amount is paid as required by this ORDER at the rate of $35.53 (THIRTY-FIVE DOLLARS AND FIFTY-THREE) per day on the current amount due accruing after November 27, 2017.

The court's finding that the judgment was entered pursuant to Wyo. Stat. Ann. § 20-2-310(c) (child support enforcement) was the basis for assessment of post-judgment interest at a 10% rate from 2007.  *See* Wyo. Stat. Ann. §§ 1-16-102(a) and 20-2-310(c).  Mother appeals.

## *DISCUSSION*

### I.   *Did the district court err when it found damages in the amount of $50,000 without receiving evidence on the matter?*

[¶6]   In December 2017, the district court found Mother in contempt and ordered her to pay $50,000 plus interest (we address the interest *infra* at ¶¶ 15–21).  Mother contends that this award was erroneous because the court never required Father to prove damages.

### A.   Standard of Review

[¶7]   Civil contempt requires proof of three elements: "1) an effective court order that required certain conduct by the alleged contemnor; 2) the contemnor had knowledge of the order; and 3) the alleged contemnor disobeyed the order."  *Greer v. Greer*, 2017 WY

35, ¶ 29, 391 P.3d 1127, 1134 (Wyo. 2017) (quoting *Shindell v. Shindell*, 2014 WY 51, ¶ 10, 322 P.3d 1270, 1274 (Wyo. 2014)). "Once those elements are proven, the burden shifts to the person charged with contempt to show he or she was unable to comply—i.e., that the failure to comply was not willful." *Greer*, ¶ 29, 391 P.3d at 1134. A court may "award damages as a form of compensatory contempt to redress contumacious acts if it has the evidence to establish the amount of damage." *Id.* ¶ 29, 391 P.3d at 1135; *Walker v. Walker*, 2013 WY 132, ¶ 39, 311 P.3d 170, 178 (Wyo. 2013).

[¶8]   We will reverse "a lower court's ruling on an application for civil contempt" only upon a finding of "a serious procedural error, a violation of a principle of law, or a clear and grave abuse of discretion." *Greer*, ¶ 30, 391 P.3d at 1135; *see also Womack v. Swan*, 2018 WY 27, ¶ 29, 413 P.3d 127, 138 (Wyo. 2018); *Roberts v. Locke*, 2013 WY 73, ¶ 14, 304 P.3d 116, 120 (Wyo. 2013). We review a district court's factual findings with deference and will overturn them only upon a finding that they are clearly erroneous. *Walters v. Walters*, 2011 WY 41, ¶ 18, 249 P.3d 214, 227 (Wyo. 2011). "Factual findings are clearly erroneous when, although they have evidentiary support, we are left with the definite and firm conviction upon review of the entire evidence that the district court made a mistake." *Id.* A district court's conclusions of law are reviewed de novo. *Id.*

## B.     Did the district court abuse its discretion when it did not require proof of damages?

[¶9]   Mother argues that the district court abused its discretion in finding damages in the amount of $50,000 when no evidentiary hearing was held requiring Father to prove damages. The record presented for our review consists only of portions of the record designated by the parties and Father's amended statement of evidence, which the district court accepted as the official statement in accordance with W.R.A.P. 3.03.[1]

[¶10]  In a civil contempt matter, "a court may enter orders to compensate an aggrieved party for damage caused by a contemnor's refusal to comply with a court order." *Meckem v. Carter*, 2014 WY 52, ¶ 25, 323 P.3d 637, 645 (Wyo. 2014). "However, a compensatory civil contempt award must be based upon evidence of actual loss; otherwise, it will be considered speculative and arbitrary." *Id.* (citing *Walters*, ¶¶ 24–25, 249 P.3d at 229).

---

[1] Mother did not provide a transcript of any hearings or conferences with the district court, but she did file a statement of the evidence in accordance with W.R.A.P. 3.03. Father filed objections to Mother's statement and submitted his own proposed statement of the evidence amending the portions of Mother's statement he found objectionable. After reviewing both, the district court issued an order approving Father's statement, concluding "IT IS THEREFORE ORDERED that [Father's] Proposed Amended 3.03 Statement is a correct statement of the proceedings . . . ."

[¶11]  Courts have examined compensatory civil contempt sanctions in divorce cases and have affirmed those awards when they are supported by the record.  For example, in *Mills v. Mills*, the court upheld a civil contempt award to the husband resulting from the wife's violation of the parties' property settlement agreement when she improperly claimed one of the children as a dependent on her tax return.  *Mills v. Mills*, 827 S.E.2d 391, 398 (Va. Ct. App. 2019).  The appellate court concluded that the lower court's $1,066 damage award to compensate the husband for inability to claim the child on his taxes was appropriate.  *Id.* at 399.  Likewise, in *Bessolo v. Rosario*, 966 N.E.2d 725, 732 (Ind. Ct. App. 2012), the appellate court affirmed a $2,500 compensatory damage award to Father where Mother was held in contempt for failing to dismiss a protective order which resulted in Father's spending $2,500 to have his record expunged.

[¶12]  However, when the award is not supported by the record, it cannot stand.  We considered a damages award for civil contempt in *Walters*, ¶¶ 24–25, 249 P.3d at 229–30.  There, Mrs. Walters was found in civil contempt for her failure to comply with the terms of the parties' divorce decree.  *Id.* ¶¶ 19–22, 249 P.3d at 227–29.  One of her transgressions was that she had not returned the contents of the parties' safe to Mr. Walters, including Mr. Walters's coin collection and personal documents, as she was ordered.  *Id.* ¶ 22, 249 P.3d at 228–29.  The district court assessed damages in the amount of $10,000, "noting that it was 'not calculated with great precision because the very nature of the acts . . . are such as to make it impossible to calculate something resembling damages.'"  *Id.* ¶ 24, 249 P.3d at 229.  The district court later explained that "[t]here really wasn't any formula" used to calculate the damages and declined the invitation by Mrs. Walters's counsel to hold a hearing on the value of the coins and personal documents that had not been returned to Mr. Walters.  *Id.*  Mrs. Walters appealed, arguing that the $10,000 damage award was speculative and arbitrary.  We agreed and reversed the award.  *Id.* ¶¶ 24–25, 249 P.3d at 229–30.  Similarly, in *Doyle v. Doyle*, the trial court ordered Father to return the gold jewelry and a gold nugget to Mother and, if they were not returned, to pay Mother $1,000 per item.  *Doyle v. Doyle*, 815 P.2d 366, 371–72 (Alaska 1991).  Father appealed, and the Alaska Supreme Court held that where there was no "correlation between the aggrieved party's actual damages . . . and the amount assessed as damages" the trial court abused its discretion by awarding civil contempt damages.  *Id.* at 372.

[¶13]  Here, the Rule 3.03 statement provides the following facts:

- Father deposited $100,000 into the education trust accounts on September 19, 2007.

- On June 27, 2017, in chambers prior to the scheduled evidentiary hearing, Mother's counsel conceded that Mother received $50,000 in 2007 to establish JL's education account.

4

- JL's account showed a zero balance as of June 30, 2010, with a final withdrawal on that date in the amount of $23,404.05.

- At the July 14, 2017, status conference, Mother's counsel conceded that Mother owed $50,000 but disputed interest, including the amount and date from which it should accrue.

[¶14] Unlike the damage award in *Walters*, the $50,000 award was not speculative or arbitrary but was based upon evidence conceded by Mother. When the account was opened it had a $50,000 balance, and Mother withdrew all the funds in the account. The district court awarded a judgment of $50,000. We are not "left with the definite and firm conviction upon review of the entire evidence that the district court made a mistake." *See Walters*, ¶ 18, 249 P.3d at 227. While there may be better measures of the loss incurred in JL's account, it was not unreasonable for the district court to conclude that JL's college fund should be reimbursed to its opening balance. Accordingly, we affirm that portion of the district court's order.

## II. Did the district court err as a matter of law when it awarded 10% post-judgment interest from September 2007?

[¶15] The district court concluded that its order requiring Mother to reimburse JL's college fund was child support and applied the child support enforcement statute, Wyo. Stat. Ann. § 20-2-310(c), to support its determination that the judgment was effective as of September 2007—the date the divorce decree required the account to be established. The court then assessed post-judgment interest at the statutory rate of 10% from September 2007. *See* Wyo. Stat. Ann. § 1-16-102. Mother argues that the district court's application of the child support enforcement statute and subsequent award of post-judgment interest were erroneous.

## A. Were damages properly awarded under Wyo. Stat. Ann. § 20-2-310(c)?

[¶16] The district court ordered that the $50,000 "constitutes [a] judgment pursuant to W.S. § 20-2-310(c)" and awarded post-judgment interest based upon that conclusion. *See infra* ¶ 18. Section 20-2-310 provides for the enforcement of child support orders and states that "[i]n any case in which child support has been ordered to be paid to the clerk, any periodic payment or installment under the provisions of an order concerning maintenance is, on the date it is due, a judgment by operation of law." Wyo. Stat. Ann. § 20-2-310(c) (LexisNexis 2019).

[¶17] Mother correctly argues (and Father seems to concede) that reimbursement of JL's college fund is not child support and that this provision is therefore inapplicable. The divorce decree ordered *Father* to pay child support and to fund the college accounts. *Mother* had no such obligation. In contrast, the orders at issue here required *Mother*, not

5

Father, to reimburse funds to JL's college account. The district court's June 2011 order required Mother to reimburse the "education accounts to the level they should have been prior to any withdrawals she made," and the district court's December 2017 judgment required Mother to pay $50,000 plus interest. Neither the June 2011 order nor the December 2017 judgment established periodic payments or required Mother to pay money to the clerk of court as specified by Wyo. Stat. Ann. § 20-2-310(c). Accordingly, the district court's judgment was not an order to enforce child support issued pursuant to Wyo. Stat. Ann. § 20-2-310(c), and the district court erred as a matter of law when it concluded otherwise.[2]

**B.      Did the district court err as a matter of law when it awarded 10% post-judgment interest from September 2007?**

[¶18]  Wyoming Statute § 1-16-102 provides post-judgment interest on "all decrees and judgments for the payment of money" in the amount of 10% per year. Wyo. Stat. Ann. § 1-16-102(a) (LexisNexis 2019). The district court awarded statutory post-judgment interest to Father beginning in September 2007. Our conclusion that the judgment could not have been issued pursuant to Wyo. Stat. Ann. § 20-2-310(c) (*see supra* ¶¶ 16–17) means that the district court erred as a matter of law when it awarded post-judgment interest beginning in September 2007 based upon § 20-2-310(c).

[¶19]  Father argues that 10% post-judgment interest is warranted from September 2007, notwithstanding that the award is not child support. Any finding that interest is available would have to be supported by the law on assessment of pre- or post-judgment interest. Post-judgment interest is available when there is a "judgment[] for the payment of money" and accrues at the rate of 10% per year absent any contractual agreement to the contrary. *See* Wyo. Stat. Ann. § 1-16-102(a); *see also Air Methods/Rocky Mountain Holdings, LLC v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2018 WY 128, ¶¶ 65–70, 432 P.3d 476, 491–92 (Wyo. 2018) (post-judgment interest is available for judgments, not arbitration or workers' compensation awards).

[¶20]  Prejudgment interest, on the other hand, is a measure of damages to compensate for the lost use of money during the time it was owed a prevailing party. *See Stewart Title Guar. Co. v. Tilden*, 2008 WY 46, ¶ 28, 181 P.3d 94, 103–04 (Wyo. 2008); *Pennant Serv. Co. v. True Oil Co.*, 2011 WY 40, ¶ 36, 249 P.3d 698, 711 (Wyo. 2011); *State v. BHP Petroleum Co.*, 804 P.2d 671, 673 (Wyo. 1991). Prejudgment interest is available when: "(1) the claim [is] liquidated, as opposed to unliquidated, meaning it is readily

---

[2] That is not to say that the judgment finding Mother in contempt is invalid. Neither party challenges the district court's conclusion finding Mother in civil contempt, and district courts have inherent contempt powers to enforce their orders. *See, e.g.*, *Womack*, ¶ 29, 413 P.3d at 138; *JLK v. MAB*, 2016 WY 73, ¶ 19, 375 P.3d 1108, 1113 (Wyo. 2016); *Walker*, ¶ 39, 311 P.3d at 178.

computable via simple mathematics; and (2) the debtor . . . receive[s] notice of the amount due before interest begins to accumulate." *KM Upstream, LLC v. Elkhorn Constr., Inc.*, 2012 WY 79, ¶ 45, 278 P.3d 711, 727 (Wyo. 2012) (citing *Bowles v. Sunrise Home Ctr., Inc.*, 847 P.2d 1002, 1005–06 (Wyo. 1993)). "[I]n the absence of a contractual agreement to a different percentage, the appropriate measure of prejudgment interest is the seven percent per annum stated in Wyo. Stat. Ann. § 40-14-106(e)." *KM*, ¶ 45, 278 P.3d at 727.

[¶21]  The record is not adequate for us to determine whether, when, or how pre- or post-judgment interest should apply.  Specifically, we are unable to discern whether or when Father's claim was liquidated and when Mother received notice of an amount due.  There is no evidence in the record regarding the level of interest the education account could have earned, the amounts that were in SL's account at different times (specifically, in June 2011 when the court ordered Mother to reimburse JL's account), or the amounts withdrawn by Mother.  Accordingly, we do not agree a post-judgment 10% interest award dating from September 2007, or even June 2011, was justified, although we note that some measure of pre- and post-judgment interest may be appropriate.  *See, e.g.*, Wyo. Stat. Ann. §§ 1-16-102(a) and 40-14-106(e); *Thorkildsen v. Belden*, 2012 WY 8, ¶ 8, 269 P.3d 421, 423 (Wyo. 2012) (prejudgment interest is "an accepted form of relief where a claim is . . . readily computable by basic mathematical calculation"); *KM*, ¶ 45, 278 P.3d at 727 (prejudgment interest "is awarded in the appropriate case . . . as damages for the lost use of money"); *Pennant*, ¶ 36, 249 P.3d at 711 (prejudgment interest is "compensation . . . for lost use of money . . . during the lapse of time between the accrual of the claim and the date of judgment"); *ANR Prod. Co. v. Kerr-McGee Corp.*, 893 P.2d 698, 704 (Wyo. 1995) (Conversion cases, like cases where prejudgment interest on liquidated damages is due, warrant "the equivalent of interest . . . as an element of damages . . . to compensate the plaintiff for the loss sustained because of the taking of property.").  We remand for further proceedings on interest.

### III.  Is Father the real party in interest?

[¶22]  Mother argues that JL, and not Father, is the real party in interest in this matter.  Wyoming Rules of Civil Procedure 17(a) requires actions to be "prosecuted in the name of the real party in interest."[3]  W.R.C.P. 17(a)(1).  Mother raises this issue for the first time on appeal and, as a result, it has been waived.  *See Trefren Constr. Co. v. V&R Constr., LLC*, 2016 WY 121, ¶ 36, 386 P.3d 317, 326 (Wyo. 2016) (citing *K-B Trucking*

---

[3] February 2017 amendments to Rule 17 of the Wyoming Rules of Civil Procedure became effective March 1, 2017.  W.R.C.P. 17.  Accordingly, the old rule was in effect on February 27, 2017, when Father filed his motion to show cause.  "We apply the rule in effect at the time the lawsuit was filed."  *BTU W. Res., Inc. v. Berenergy Corp.*, 2019 WY 57, ¶ 15, 442 P.3d 50, 55 n.2 (Wyo. 2019); *see also DNW v. State, Dep't of Family Servs.*, 2007 WY 54, ¶ 9, 154 P.3d 990, 992 (Wyo. 2007); *McKennan v. Wyo. Sawmills, Inc.*, 816 P.2d 1303, 1303 n.1 (Wyo. 1991).

*Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1153 n.2 (10th Cir. 1985) ("The real party in interest defense may be waived if it is not timely raised.")); *Action Bailbonds v. State*, 2002 WY 103, ¶¶ 8–9, 49 P.3d 992, 994 (Wyo. 2002) ("It has long been recognized that where an objection in the trial court that a party is not the real party in interest is not timely voiced, such delay constitutes a waiver of any objection on that ground."). The Comment to Rule 17 of the Federal Rules of Civil Procedure explains:

> The failure to timely assert that the plaintiff is not the real party in interest may result in waiver of the objection. Because the preferred remedy for a real party error is to cure it . . . , timeliness is in large part linked to whether the objection is raised at a point in the litigation when the error can be cured without undue disruption and prejudice. The later it is raised, the more likely the court will find the objection to have been waived.

1 Fed. R. Civ. P. 17 Commentary.

### CONCLUSION

[¶23] The district court did not abuse its discretion when it ordered Mother to reimburse the account in the amount of $50,000. The district court erred as a matter of law when it ordered payment of statutory post-judgment interest. Mother waived her argument that Father is not the real party in interest. We affirm in part, reverse in part, and remand for a determination on interest.